## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN LANICE HULL, | Case No. 1:24-cv-1997 |
| Plaintiff, | Removal from Supreme Court of the State of New York, County of Kings, Case No.: 504685/2024 |
| v. | |
| NAVY FEDERAL CREDIT UNION, SYNCHRONY FINANCIAL, EQUIFAX INFORMATION SERVICES L.L.C., EXPERIAN INFORMATION SOLUTIONS, INC., | DEFENDANT SYNCHRONY BANK'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1441 AND 1446 |
| Defendants. | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Synchrony Bank (erroneously named as "Synchrony Financial") ("Synchrony"), hereby removes the above-captioned matter to this Court from the Supreme Court of the State of New York, County of Kings in New York, where it is currently pending as Case No. 504685/2024, based upon the following:

### I.     BACKGROUND

1.     Plaintiff Karen Lanice Hull ("Plaintiff") commenced this action in the Supreme Court of the State of New York, County of Kings ("State Court Action"), by filing a Complaint ("Complaint") on February 14, 2024, a true and correct copy of which is attached hereto as **Exhibit 1**.

2.     The State Court Action arises from a dispute regarding a credit card account. *See* Exhibit 1.

3.     The Complaint alleges causes of action for violations of the Fair Credit Reporting Act.  *See* Exhibit 1 (Complaint ¶¶ 48-59).

4.     On February 28, 2024, Plaintiff served a copy of the Summons and Complaint on Synchrony.

5.     To the knowledge of Synchrony, at the time of filing this Notice of Removal, the other named defendants to the State Court Action, Navy Federal Credit Union, Equifax Information Services L.L.C., Experian Information Solutions, Inc., and Transunion Interactive, Inc., have not appeared, and upon information and belief, have not been served.

## II.     REMOVAL TO THIS COURT IS PROPER

1.     Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

2.     Synchrony is removing this matter on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

3.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

4.     Accordingly, had the Complaint been brought in the United States District Court for the Eastern District of New York in the first instance, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1331.  As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

5.     The Supreme Court of the State of New York, County of Kings is located within the United States District Court for the Eastern District of New York.  Thus, venue is proper in

this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III.    REMOVAL TO THIS COURT MEETS PROCEDURAL REQUIREMENTS

1.    **Removal Is Timely.** Synchrony received the Summons and Complaint on February 28, 2024, and, therefore, this Notice of Removal is timely in that it is filed within thirty days after service upon Synchrony of a copy of the initial pleading setting forth the removable claim.  *See* 28 U.S.C. § 1446(b).

2.    **Co-Defendants' Consent Is Inapplicable.**  Navy Federal Credit Union, Equifax Information Services L.L.C., Experian Information Solutions, Inc., and Transunion Interactive, Inc. have not appeared in this action and, upon information and belief, have not been served, and, thus, their consent is not required.

3.    **Notice.**  Synchrony will promptly serve Plaintiff and file with this Court its Notice of Removal to All Adverse Parties, informing Plaintiff that this matter has been removed to federal court.  *See* 28 U.S.C. §§ 1446(a), (d).  Synchrony will also promptly file with the Clerk of the Supreme Court of the State of New York, County of Kings, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

4.    **Bond and Verification.**  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

5.    **Signature.**  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

6.    **No Waiver of Defenses.**  Synchrony has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

7.      **Pleadings and Process Have Been Provided**.  Pursuant to 28 U.S.C. § 1446(a), Synchrony has attached a copy of the docket from the State Court Action.  Synchrony will supplement this Removal with remaining pleadings and orders filed with the State Court in the State Court Action, if any, as soon as they are received.

8.      **This Is the Only Request for Removal.**  Synchrony has not made a previous application for the relief requested herein.

WHEREFORE, Synchrony respectfully requests this case be removed from the Supreme Court of the State of New York, County of Kings to this Court, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED: March 19, 2024.

> _/s/ Ofunne N. Edoziem_
> Ofunne N. Edoziem (Bar No. 5784699)
> Email: oedoziem@reedsmith.com
> REED SMITH LLP
> 599 Lexington Avenue, 22nd Floor
> New York, NYy  10022
> Telephone:  +1 212 549 4180
> Facsimile:  +1 212 521 5450
> _Counsel for Defendant Synchrony Bank_
> _(erroneously named as "SynchronyFinancial")_