# EXHIBIT 1



CT Corporation
Service of Process Notification
02/27/2024
CT Log Number 545854506

## Service of Process Transmittal Summary

**TO:** CHERYL YORFINO
SYNCHRONY FINANCIAL
777 LONG RIDGE RD
STAMFORD, CT 06902-1247

**RE:** Process Served in Delaware

**FOR:** Synchrony Financial  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | KAREN LANICE HULL vs. NAVY FEDERAL CREDIT UNION |
| **CASE #:** | 5046852024 |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 02/27/2024 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, CHERYL YORFINO  cheryl.yorfino@syf.com |
| | Email Notification, Synchrony Financial Litigation  syf.litigation@synchronyfinancial.com |
| | Email Notification, Stephanie Cameron  stephanie.cameron@syf.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
877-564-7529
MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

Paul Camarena, Esq.
1016 W Jackson No 32
Chicago IL 60607

000915029800011
Synchrony Financial
c/o Registered Agent THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE ST
WILMINGTON DE 19801
USA

9150298.1.1-18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | | |
|---|---|---|
| *Karen Lanice Hull* | ) | Index Number _____ |
|                   Plaintiff, | ) | |
| | ) | |
|    - against - | ) | Summons |
| | ) | |
| *Navy Federal Credit Union,* | ) | |
| *Synchrony Financial,* | ) | |
| *Equifax Information Services L.L.C.,* | ) | Date Index Number Purchased: February 15, 2024 |
| *Experian Information Solutions, Inc.,* | ) | |
| *and TransUnion Interactive, Inc.* | ) | |
|                   Defendants. | ) | |

To the above named Defendant:

Navy Federal Credit Union
c/o Registered Agent CORPORATION SERVICE COMPANY
100 Shockoe Slip Fl 2, Richmond, VA, 23210

Synchrony Financial
c/o Registered Agent THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER - 1209 ORANGE ST - WILMINGTON, DE 19801

Equifax Information Services L.L.C.
c/o Corporation Service Company
80 State Street, Albany, NY 12207

Experian Information Solutions, Inc.,
c/o registered agent C T Corporation System
28 Liberty Street, Floor 42, New York, NY 10005

TransUnion Interactive, Inc.
c/o registered agent Corporation Service Company
80 State Street, Albany, NY 12207

     You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

     The basis of venue is   Civil Practice Law & Rules Section 503(a),
which is the county designed by Plaintiff when Plaintiff does not reside in NY and Defendants do not have their principal office in NY.

Dated: February 15, 2024

                        Paúl Camarena, Esq.
                        by: /s/ PaulCam
                        Paúl Camarena
                        Attorney for Plaintiff
                        Paúl Camarena, Esq.
                        540 Court St., No. 4015
                        Brooklyn, NY 11231
                        (312) 493-7494
                        paulcamarena@paulcamarena.com

FILED: KINGS COUNTY CLERK 02/14/2024 02:11 PM
NYSCEF DOC. NO. 1

Case 1:24-cv-01997-ENV-TAM   Document 1-2   Filed 03/19/24   Page 5 of 20 PageID #: 11
INDEX NO. 504685/2024
RECEIVED NYSCEF: 02/15/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

KAREN LANICE HULL,             )
    Plaintiff,                )
                               )
v.                             )
                               )
NAVY FEDERAL CREDIT UNION,     )
SYNCHRONY FINANCIAL,           )
EQUIFAX INFORMATION SERVICES L.L.C., )
EXPERIAN INFORMATION SOLUTIONS, INC., )
and TRANSUNION INTERACTIVE, INC.,     )
    Defendants.               )

## COMPLAINT

Plaintiff Karen L. Hull, by her counsel Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The United States Fair Credit Reporting Act and its progeny provide that, when a consumer disputes information that a furnisher of credit information is reporting to a consumer reporting agency, the furnisher must conduct a reasonable investigation into that information and the consumer reporting agency must conduct a reasonable reinvestigation into that same information. In the case at bar, Plaintiff Ms. Hull submitted multiple disputes of information reported by Defendant Furnishers Navy Federal Credit Union and Synchrony Financial. However, the Defendant Furnishers Navy Federal Credit Union and Synchrony Financial failed to conduct reasonable investigations into their own reported information, and Defendant Consumer Reporting Agencies Equifax, Experian, and TransUnion also failed to conduct reasonable reinvestigations into that same information.

FILED: KINGS COUNTY CLERK 02/14/2024 02:11 PM
NYSCEF DOC. NO. 1

Case 1:24-cv-01997-ENV-TAM   Document 1-2   Filed 03/19/24   Page 6 of 20 PageID #: 12
INDEX NO. 504685/2024
RECEIVED NYSCEF: 02/15/2024

## Constitutional and Statutory Jurisdiction.

2) The U.S. Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and o, states that "[a]ny person who is negligent in failing to comply" or "who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." The Fair Credit Reporting Act, at 15 U.S.C. § 1681p, further states that an "action to enforce any liability created under this subchapter may be brought in any appropriate United States district court ... or in any other court of competent jurisdiction."

3) The New York Constitution, Article VI, Section 7a. states that the "supreme court shall have general original jurisdiction in law and equity." Thus, this Court has Constitutional and statutory jurisdiction over this action.

## General Personal Jurisdiction.

### Authorities.

4) N.Y. Civil Practice Law and Rules Section 301 states that a New York "court may exercise such jurisdiction over persons [ ] as might have been exercised heretofore." "CPLR § 301 has been construed to authorize New York courts to exercise jurisdiction over a foreign corporation if it is 'engaged in a continuous and systematic course of doing business' in New York to warrant a finding of its presence in this jurisdiction. The test for 'doing business' requires that 'the court ... be able to say from the facts that the corporation is present in the State not occasionally or casually, but with a fair measure of permanence and continuity.' In addition to the traditional *indicia* of 'doing business' in New York, such as the existence of **an office, bank account or** other property in New York, jurisdiction over a foreign corporation exists where it **solicits business** in New York and engages in some other continuous activity." *Besler v. Spermon*, 2011 N.Y. Slip Op. 34132 (N.Y. Sup. Ct. 2011) (citing *Allojet PLC v. Vantage Assoc.*, 2005 WL 612848 S.D.N.Y. 2005 ("once solicitation is shown 'very little more is necessary to a conclusion of doing business'") (citation omitted)) (brackets omitted and emphasis added). "Personal jurisdiction over a non resident individual may also be acquired under

CPLR § 301 ... even as to causes of action unrelated to the business done within the State." *Besler* (citation omitted).

Defendant Equifax.

5) Defendant Equifax has "**an office**[1]**, bank account**[2]" and "**solicits business** [all] in New York[3]." Thus, pursuant to CPLR § 301, this Court has general personal jurisdiction over Defendant Equifax "even as to causes of action unrelated to the business done within the State." *Besler*.

Defendant Experian.

6) Defendant Experian also has an office[4] and solicits business in New York[5]. Thus, pursuant to CPLR § 301, this Court also has personal jurisdiction over Defendant Experian "even as to causes of action unrelated to the business done within the State." *Besler*.

---

1  See, e.g, Kevin Dugan, *Equifax To Cut 33 Jobs From Long Island Office*, New York Post (November 19, 2018) ("The credit score giant will lay off [33] of the 51 people in its Garden City[, NY] office.").

2  2022 Equifax Annual Report, p. 102 (noting Equifax account with Bank of New York), available at https://d1io3yog0oux5.cloudfront.net/_d50557a271b97bad5988a339a676d159/equifax/db/2054/19364/annual_report/EFX013+Equifax+2022+Annual+Report+Web.pdf .

3  Equifax is one of the 3 largest credit reporting agencies in the United States and has files on more than 1/3 of the residents of New York state. New York State Attorney General, Press Release, *Attorney General James Holds Equifax Accountable By Securing $600 Million Payment In Largest Data Breach Settlement In History* (July 22, 2019). Hence, Equifax cannot seriously deny that it solicits business in New York state. In addition to the "the traditional *indicia* of 'doing business' in New York," Equifax trades its corporate stock on the New York Stock Exchange. NYSE: EFX. *See also*, *Rivera v. Equifax*, 03-cv-4112 (E.D. Pa. April 1, 2004) ("as a national credit bureau that regularly conducts business in Pennsylvania, [Pennsylvania District Court was] satisfied that th[at] Court may [have] exercise[d] personal jurisdiction over Equifax [even though] Plaintiff [wa]s a resident of the Southern District of Florida"); *United States v. Sanchez*, 972 F.3d 156 (2d Cir. 2020), (holding that the United States Constitution Due Process Clause was not offended by a New York court's imposition of a sentence of imprisonment for 5 years on a Columbian national who had never previously been in the United States and who had committed his crime entirely in Columbia).

4  Experian publishes an Experian address in New York as "Experian 29 Broadway New York NY 10006" and "Fax: +1 (212) 863-4420 -3201." Experian Data Quality website, available at https://www.edq.com/about-us/#new-york .

5  Experian's website boasts that "Experian provides business credit reports for businesses across New York." Experian website, available at https://www.experian.com/small-business/new-york-business-credit .

Defendant TransUnion.

7)     Defendant TransUnion similarly has "**an office**[6]**, bank account**[7]" and "**solicits business** [all] in New York[8]."  Thus, pursuant to CPLR § 301, this Court similarly has personal jurisdiction over Defendant TransUnion "even as to causes of action unrelated to the business done within the State." *Besler*.

Defendant Navy Credit Union.

8)     Defendant Navy Credit Union has offices and solicits business in New York[9].  Thus, pursuant to CPLR § 301, this Court has general personal jurisdiction over Defendant Navy Credit Union even as to causes of action unrelated to the business done within the state.

---

6    TransUnion has at least 2 offices in New York, one at "100 Park Ave, 27th Floor, New York, NY" and one at "50 Main Street, Floors 6–8, White Plains, NY."  TransUnion website, Global Offices page, available at https://www.transunion.com/about-us/global-locations/north-america .

7    2022 TransUnion Annual Report, pp. 147 – 148 (noting TransUnion accounts with Deutsche Bank AG New York Branch), available at https://investors.transunion.com/~/media/Files/T/Transunion-IR-V2/annual-reports/2022/2022-annual-report.pdf .

8    TransUnion's website notes that "TransUnion [Will] Present at Upcoming Investor Conferences in New York." TransUnion website, Investor Relations page, available at https://newsroom.transunion.com/transunion-to-present-at-upcoming-investor-conferences-in-new-york-and-chicago/ .  In addition to the "the traditional *indicia* of 'doing business' in New York," TransUnion trades its corporate stock on the New York Stock Exchange.  NYSE: TRU.

9    Navy Credit Union has branches in Evans Mills, NY, Highland Falls, NY, Kings Point, NY, and Saratoga Springs, NY.  2022 Navy Credit Union Annual Report, p. 6, available at https://www.navyfederal.org/content/dam/nfculibs/pdfs/membership/2022-annual-report.pdf .

Defendant Synchrony Financial.

9) Defendant Synchrony Financial has an office[10] and solicits business in New York[11]. Thus, pursuant to CPLR § 301, this Court has general personal jurisdiction over Defendant Synchrony Financial even as to causes of action unrelated to the business done within the state.

### Venue.

10) CPLR § 503(c) states that "a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located;" and CPLR § 503(a) states that "the place of trial shall be … if none of the parties then reside in the state, in any county designated by the plaintiff." In the instant case, the plaintiff does not reside in the state and, thus, as none of the defendants have their principal office located in the state, none of the parties reside in the state. Because Kings County is designated by the plaintiff, this Court is the proper venue for this action.

### Parties.

11) Plaintiff Ms. Hull is a natural person and, thus, is a "consumer" as that term is defined in the F.C.R.A., at 15 U.S.C. § 1681a(c).

12) Defendant Navy Federal Credit Union is a credit union and, thus, is a "person" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(b) (" 'person' means any … entity ").

---

10 Synchrony Financial's website lists dozens of Synchrony New York employment openings, https://www.synchronycareers.com/job-search-results/?location=New%20York%2C%20NY%2C%20USA&latitude=40.7127753&longitude=-74.0059728&radius=25&pg=2 .

11 Synchrony Financial's website lists hundreds of Synchrony Partner New York locations, https://www.synchrony.com/marketplace/locations . In addition to the "the traditional *indicia* of 'doing business' in New York," Synchrony Financial trades its corporate stock on the New York Stock Exchange. NYSE: SYF.

13)   Defendant Synchrony Financial is a Corporation and, thus, is a "person" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(b) (" 'person' means any … entity ").

14)   Defendant Equifax regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

15)   Defendant Experian regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

16)   Defendant TransUnion regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

**Factual Allegations.**

Defendant Furnisher Navy Credit Union and Defendant CRAs Equifax, Experian and TransUnion.

17)   Several years ago, Ms. Hull obtained a loan from Defendant Navy Credit Union. Initially, Ms. Hull made timely payments on the loan account. However, Ms. Hull eventually struggled to repay the loan and she defaulted by the summer of 2022.

18)   Defendant Navy Credit Union reported the loan account to Defendant CRAs Equifax, Experian, and TransUnion.

19)   However, Navy Credit Union inaccurately reported to the Defendant CRAs that Ms. Hull's payments were current in October 2022 and that her payments first became delinquent in November 2022.

20)   Defendant Navy Credit Union's reporting was parroted by the Defendant CRAs.

21) The Defendants' reporting inaccurately stated that Ms. Hull's payment delinquency occurred more recently than it actually had and, thus, the Defendants, *inter alia*, caused Ms. Hull's credit score to improperly further decrease. *In re Anzaldo*, 612 B.R. 205, 212 (Bankr. S.D. Cal. 2020) ("reporting newer negative late payment information would lower the consumer's credit score"); *Toliver v. Experian*, 973 F. Supp. 2d 707, 722, FN78 (S.D. Tex. 2013) ("a more recent date in this entry will have a greater negative impact on a consumer's credit score").

22) Ms. Hull submitted multiple disputes of Navy Credit Union's reporting to Equifax, Experian, and TransUnion and, in Ms. Hull's disputes, she specifically explained that Navy Credit Union's "reported date of 1st delinquency is wrong [because the] date of 1st delinquency was actually earlier" and that Navy Credit Union's "reported payment history for Oct 2022 is wrong [because the] acct was actually late by then." Ms. Hull's disputes also listed her phone number and email address and requested the Defendants to contact her to investigate her assertions.

23) Upon information and belief, the Defendant CRAs forwarded Ms. Hull's multiple disputes to Defendant Navy Credit Union, and Defendant Navy Credit Union received Ms. Hull's multiple disputes.

24) However, Defendant Navy Credit Union never contacted Ms. Hull to investigate her assertions, and Defendant Navy Credit Union failed to conduct reasonable investigations into its own reported information and continues to report that inaccurate information.

25) The Defendant CRAs also never contacted Ms. Hull to investigate her assertions, the Defendant CRAs failed to conduct reasonable reinvestigations into their own reported information about the account reported by Defendant Navy Credit Union, and the Defendant CRAs continue to report that inaccurate information.

Defendant Furnisher Synchrony Financial and Defendant CRAs Equifax, Experian and TransUnion.

26) In 2021, Ms. Hull opened a medical credit account with Defendant Synchrony Financial.

27) Later, Defendant Synchrony Financial inaccurately charged a medical insurance cost to Ms. Hull. When Ms. Hull noticed the inaccurate charge, she flagged this inaccuracy to a Defendant Synchrony Financial agent. Although the Defendant Synchrony Financial agent assured Ms. Hull that Defendant Synchrony Financial would reverse the charge, Defendant Synchrony Financial failed to do so.

28) Thus, when Defendant Synchrony Financial reported the account to Defendants Equifax, Experian, and TransUnion, Defendant Synchrony Financial reported a balance that included the inaccurate charge; and Defendant Synchrony Financial's reporting was parroted by Defendants Equifax, Experian, and TransUnion.

29) Ms. Hull submitted multiple disputes of Synchrony Financial's reporting to Equifax, Experian, and TransUnion and, in Ms. Hull's disputes, she specifically explained that Synchrony Financial's "reported balance is wrong because it includes charges for insurance that was never purchased [and Synchrony Financial] stated that it would reverse these charges, but never did." Ms. Hull's disputes also listed her phone number and email address and requested the Defendants to contact her to investigate her assertions.

30) Upon information and belief, Defendants Equifax, Experian, and TransUnion forwarded Ms. Hull's multiple disputes to Defendant Synchrony Financial, and Defendant Synchrony Financial received Ms. Hull's multiple disputes.

31) However, Defendant Synchrony Financial never contacted Ms. Hull to investigate her assertions, and Defendant Synchrony Financial failed to conduct reasonable investigations into its own reported information and continues to report that inaccurate information.

FILED: KINGS COUNTY CLERK 02/14/2024 02:11 PM
NYSCEF DOC. NO. 1

Case 1:24-cv-01997-ENV-TAM   Document 1-2   Filed 03/19/24   Page 13 of 20 PageID #: 19
INDEX NO. 504985/2024
RECEIVED NYSCEF: 02/15/2024

32) The Defendant CRAs also never contacted Ms. Hull to investigate her assertions, the Defendant CRAs failed to conduct reasonable reinvestigations into their own reported information about the account reported by Defendant Synchrony Financial, and the Defendant CRAs continue to report that inaccurate information.

33) Defendant Synchrony Financial additionally failed to comply with its statutory obligations by failing to report to Defendants Equifax, Experian, and TransUnion that its reported information about Ms. Hull is disputed by her, even though Ms. Hull's disputes specifically protested that the "acct is not being reported as disputed."

34) Defendant Synchrony Financial's "decision to report the debt but not the dispute resulted in a much lower credit score" because "when a furnisher responds to a [credit reporting agency's] dispute verification form and relates an ongoing dispute, [the credit reporting agency] records the dispute in the credit report and does not include the derogatory information in assessing the credit score." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 146 – 150 (4th Cir. 2008). "Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score." *Evans v. Portfolio*, 889 F.3d 337, 349 (7th Cir. 2018).

35) Moreover, Defendants Equifax, Experian, and TransUnion further failed to comply with their statutory obligations by failing to note that Defendant Synchrony Financial's reported information about Ms. Hull is disputed by her. *See Wheeler v. Equifax and TransUnion*, 17 cv 3328 (Dist.Ariz. May 30, 2018) ("[T]he statutory scheme expressly contemplates that consumer disputes can be handled directly with a CRA. See 15 U.S.C. § 1681i. Accordingly, [the consumer] sufficiently alleges that TransUnion performed an unreasonable reinvestigation" when the consumer notified TransUnion that she was disputing a debt, the furnisher did not respond, and TransUnion failed to change the dispute status.).

Furnisher RoadMaster /CareerPath /Path Finder & Defendant CRAs Equifax, Experian and TransUnion

36) In 2016, Ms. Hull enrolled in a vocational training program at Furnisher RoadMaster/CareerPath/Path Finder.

37) Ms. Hull did not finish the training and she dis-enrolled owing a balance of less than $1,000 to Furnisher RoadMaster/CareerPath/Path Finder in 2017.

38) Furnisher RoadMaster/CareerPath/Path Finder attempted to collect the balance from Ms. Hull by reporting the account to Defendant CRAs Equifax/Experian/TransUnion. However, Furnisher RoadMaster/CareerPath/Path Finder inaccurately reported to Defendant CRAs Equifax/Experian/TransUnion that Ms. Hull owes a balance of almost $5,000. Furnisher RoadMaster/CareerPath/Path Finder also inaccurately reported to Defendant Equifax that Ms. Hull became delinquent on her account for the first time in 2018. Furnisher RoadMaster/CareerPath/Path Finder additionally inaccurately reported to Defendant Experian and to Defendant TransUnion that Ms. Hull's account had a "dated opened" of 2021.

39) Furnisher RoadMaster/CareerPath/Path Finder's reporting was parroted by the Defendant CRAs. Thus, the Defendant CRAs' reporting inaccurately stated that Ms. Hull's payment delinquency occurred more recently than it actually had and, hence, the Defendants, *inter alia*, caused Ms. Hull's credit score to improperly further decrease. *In re Anzaldo*, 612 B.R. 205, 212 (Bankr. S.D. Cal. 2020) ("reporting newer negative late payment information would lower the consumer's credit score"); *Toliver v. Experian*, 973 F. Supp. 2d 707, 722, FN78 (S.D. Tex. 2013) ("a more recent date in this entry will have a greater negative impact on a consumer's credit score"). *See also, Bibbs v. Trans Union*, 43 F.4th 331, 342 - 343 (3d Cir. 2022) ("to determine whether [a Defendant] is in violation of § 1681e(b), [courts] apply the reasonable reader standard" and "the reasonable reader standard runs the gamut to include sophisticated entities like banks and less sophisticated individuals such as local landlords"); *Ramos v. Experian*, 16 cv 6375 (N.D. Cal. Mar. 20, 2017) ("[The] FCRA does not mandate compliance with Metro 2 or any other particular set of industry standards. Rather, the test is whether a reasonable

potential creditor would find the reporting misleading.") (internal quotations and citation omitted); *Robbins v. CitiMortgage*, 16 cv 4732 (N.D. Cal. Dec. 20, 2017) ("Metro 2 guidelines do not establish the standards for accuracy under the FCRA, so Defendant's argument that its reporting did not deviate from guidelines set by the Consumer Data Industry Association is beside the point, as these guidelines do not establish the standards for accuracy under the FCRA.") (internal quotations, brackets, and citation omitted).

40) Ms. Hull submitted multiple disputes of Furnisher RoadMaster/CareerPath/Path Finder's reporting to the Defendant CRAs and, in Ms. Hull's disputes, she specifically explained that Furnisher RoadMaster/CareerPath/Path Finder's "reported balance is wrong [because the] actual balance is lower," that the "reported date of 1st delinquency is wrong," and that the "reported date opened is wrong [because that] actual date opened was earlier." Ms. Hull's disputes also listed her phone number and email address and requested the Defendant CRAs to contact her to investigate her assertions.

41) However, the Defendant CRAs never contacted Ms. Hull to investigate her assertions, the Defendant CRAs failed to conduct reasonable reinvestigations into their own reported information about the account reported by Furnisher RoadMaster/CareerPath/Path Finder, and the Defendant CRAs continue to report that inaccurate information.

FILED: KINGS COUNTY CLERK 02/14/2024 02:11 PM
NYSCEF DOC. NO. 1

Case 1:24-cv-01997-ENV-TAM   Document 1-2   Filed 03/19/24   Page 16 of 20 PageID #: 22
INDEX NO. 504685/2024
RECEIVED NYSCEF: 02/15/2024

Furnisher Chartway Federal Credit Union and Defendant Consumer Reporting Agency Equifax.

42) In 2018, Ms. Hull opened a loan account with Furnisher Chartway Credit Union. Initially, Ms. Hull made timely payments on the loan account. However, Ms. Hull eventually struggled to repay the loan and she became delinquent on her payments by early 2022.

43) Furnisher Chartway Credit reported the loan account to Defendant CRA Equifax. However, Furnisher Chartway inaccurately reported to Defendant CRA Equifax that Ms. Hull's payments first became delinquent in June 2022.

44) Defendant Chartway's reporting was parroted by Defendant CRA Equifax and, thus, Defendant Equifax, *inter alia*, caused Ms. Hull's credit score to improperly further decrease. *In re Anzaldo*, 612 B.R. 205, 212 (Bankr. S.D. Cal. 2020) ("reporting newer negative late payment information would lower the consumer's credit score"); *Toliver v. Experian*, 973 F. Supp. 2d 707, 722, FN78 (S.D. Tex. 2013) ("a more recent date in this entry will have a greater negative impact on a consumer's credit score").

45) Ms. Hull submitted multiple disputes of Furnisher Chartway's reporting to Defendant Equifax and, in Ms. Hull's disputes, she specifically explained that Furnisher Chartway's "reported date of 1st delinquency is wrong [because the] date of 1st delinquency was actually earlier." Ms. Hull's dispute also listed her phone number and email address and requested Defendant Equifax to contact her to investigate her assertions.

46) However, Defendant Equifax never contacted Ms. Hull to investigate her assertions, Defendant Equifax failed to conduct reasonable reinvestigations into its own reported information about the account reported by Furnisher Chartway, and Defendant Equifax continues to report that inaccurate information.

47) Defendant Equifax also failed to comply with its statutory obligations by failing to note that Furnisher Chartway's reported information about Ms. Hull is disputed by her. *See Wheeler v. Equifax and TransUnion*, 17 cv 3328 (Dist.Ariz. May 30, 2018) ("[T]he statutory scheme expressly

contemplates that consumer disputes can be handled directly with a CRA. See 15 U.S.C. § 1681i. Accordingly, [the consumer] sufficiently alleges that TransUnion performed an unreasonable reinvestigation" when the consumer notified TransUnion that she was disputing a debt, the furnisher did not respond, and TransUnion failed to change the dispute status.). Defendant Equifax's "decision to report the debt but not the dispute resulted in a much lower credit score" because when a consumer reporting agency "records the dispute in the credit report [the CRA] does not include the derogatory information in assessing the credit score." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 146 – 150 (4th Cir. 2008).

### Causes of Action.

<u>Count One – As to Defendant Navy Credit Union's Failure to Reasonably Investigate.</u>

48) The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall [ ] conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions*, 16 cv 370 (W.D. Wis. September 13, 2017) (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a [furnisher] of a disputed debt, the [furnisher] must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

49) Defendant Navy Credit Union negligently or willfully violated Subsection 1681s-2(b)(1)(A) by negligently or willfully failing to conduct reasonable investigations with respect to information about Ms. Hull that Defendant Navy Credit Union itself is reporting to a consumer reporting agency.

Count Two – As to Defendant Synchrony Financial's Failure to Reasonably Investigate.

50)     The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall [ ] conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions*, 16 cv 370 (W.D. Wis. September 13, 2017) (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a [furnisher] of a disputed debt, the [furnisher] must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

51)     Defendant Synchrony Financial negligently or willfully violated Subsection 1681s-2(b)(1)(A) by negligently or willfully failing to conduct reasonable investigations with respect to information about Ms. Hull that Defendant Synchrony Financial itself is reporting to a consumer reporting agency.

Count Three – As to Defendant Synchrony Financial's Failure to Report Ms. Hull's Dispute.

52)     The Fair Credit Reporting Act's Subsection 1681s–2(a)(3) is titled "Duty to Provide Notice of Dispute" and states that, "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed [ ], the person may not furnish the information to any consumer reporting agency without notice that such information is disputed." Also, Subsection 1681s-2(b)(1)(D) states that, "[a]fter receiving notice [ ] of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete [ ], report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA [at Subsection 1681s-2(b)(1)(D)] requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a

cognizable claim under § 1681s-2(b)." *Id.* (citing *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 150 (4th Cir. 2008)).

53) Defendant Synchrony Financial negligently or willfully violated Subsection 1681s-2(b)(1)(D) by negligently or willfully reporting its information about Ms. Hull to a consumer reporting agency without reporting that Ms. Hull is disputing that information.

<u>Count Four – As to Defendant Equifax's Failure to Reasonably Reinvestigate.</u>

54) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency [ ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

55) Defendant Equifax negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into its own files' information regarding Ms. Hull that is being reported by Defendant Navy Credit Union, by Defendant Synchrony Financial, by Furnisher Pathfinder, and by Furnisher Chartway.

<u>Count Five – As to Defendant Experian's Failure to Reasonably Reinvestigate.</u>

56) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency [ ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

57) Defendant Experian negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into its own files' information regarding Ms. Hull that is being reported by Defendant Navy Credit Union, by Defendant Synchrony Financial, and by Furnisher Pathfinder.

FILED: KINGS COUNTY CLERK 02/14/2024 02:11 PM
NYSCEF DOC. NO. 1

Case 1:24-cv-01997-ENV-TAM   Document 1-2   Filed 03/19/24   Page 20 of 20 PageID #: 26
INDEX NO. 504685/2024
RECEIVED NYSCEF: 02/15/2024

Count Six – As to Defendant TransUnion's Failure to Reasonably Reinvestigate.

58) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency [ ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

59) Defendant TransUnion negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into its own files' information regarding Ms. Hull that is being reported by Defendant Navy Credit Union, by Defendant Synchrony Financial, and by Furnisher Pathfinder.

**Prayer for Relief.**

WHEREFORE, Plaintiff Karen Hull respectfully prays that this Honorable Court will hold a trial by jury and that this Court will enter judgment in her favor (and against the Defendants) for her statutory damages, her reasonable attorney's fees and costs, and for punitive damages.

Respectfully submitted,
Plaintiff Karen Hull's Counsel
Paúl Camarena
*/s/ Paúl Camarena*
Paúl Camarena, Esq.
540 Court St., No. 4015
Brooklyn, NY 11231
(312) 493-7494
paulcamarena@paulcamarena.com
NY Atty No: 3991981